IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2020 Session

## STATE OF TENNESSEE v. DONALD HYBERGER

**Appeal from the Criminal Court for Davidson County**
**No. 2018-D-2581    Angelita Blackshear Dalton, Judge**

———————————————————

### No. M2019-01391-CCA-R3-CD

———————————————————

After the defendant, Donald Hyberger, caused a motor vehicle accident, a Davidson County grand jury indicted him for reckless endangerment with a deadly weapon (count 1), driving under the influence, third offense (count 2), and driving under the influence, per se, third offense (count 3). The defendant filed a motion to suppress the evidence of a blood draw obtained while he was hospitalized after the accident. After the trial court denied the motion, the defendant pled guilty to driving under the influence, per se, third offense but reserved a certified question of law pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure regarding the motion to suppress the blood draw. Upon our review, we conclude the defendant failed to properly certify the question of law pursuant to Rule 37(b)(2). Accordingly, this Court is without jurisdiction, and the appeal is dismissed.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Donald Hyberger.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Glenn Funk, District Attorney General; and Rebecca Valiquette, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts and Procedural History*

On May 13, 2018, the defendant drove into oncoming traffic and caused a head-on motor vehicle collision. Officer Darci Stechman of the Metro Nashville Police Department responded to the scene and Summit Hospital where the defendant was transported after the accident. En route to the hospital, Officer Stechman ran the defendant's driver's license and learned the defendant had previous charges for driving under the influence. At the hospital, the defendant admitted he had approximately six vodka drinks prior to the accident; he smelled of alcohol; and he seemed "very dazed and confused about what had just happened." As a result, Officer Stechman read the implied consent law to the defendant "a couple of times." Once she was satisfied the defendant understood the waiver, Officer Stechman obtained the defendant's signature and authorized a blood draw. The defendant was subsequently arrested and indicted for reckless endangerment with a deadly weapon (count 1), driving under the influence, third offense (count 2), and driving under the influence, per se, third offense (count 3). Tenn. Code Ann. §§ 39-13-103, 55-10-401.

The defendant filed a motion to suppress the evidence of the blood draw, arguing that he did not consent to the search and that the search was conducted without a warrant. Officer Stechman and the defendant gave contrary testimony at the suppression hearing. Officer Stechman detailed the circumstances leading to the blood draw as detailed above, and the defendant testified that he did not consent to the blood draw which revealed his blood alcohol content to be 0.366 percent. Upon its review, the trial court found the defendant "voluntarily consented to have his blood drawn after being read the implied consent law" and denied the motion to suppress.

The defendant then filed a motion for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, and the State responded. Before the trial court considered the Rule 9 motion, the defendant pled guilty to count 3 of the indictment, driving under the influence, per se, third offense. Tenn. Code Ann. § 55-10-401. The trial court sentenced the defendant to eleven months and twenty-nine days suspended to supervised probation after 120 days of service in the county jail. On July 26, 2019, the trial court entered an order accepting the defendant's guilty plea which reserved the following certified question of law pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure:

> Whether the trial court erred in denying the [d]efendant's motion to suppress evidence seized in a warrantless search on May 13, 2018 in an order entered on April 30, 2019. This question includes whether the blood draw complied with the provisions of T[ennessee] C[ode] A[nnotated] [section] 55-10-406 and whether consent was required or given and ultimately whether the blood drawn was lawfully drawn and seized from the [d]efendant and may be introduced into evidence.

Upon entrance of the order, the defendant timely appealed to this Court.

## *Analysis*

On appeal, the defendant presents a certified question of law wherein he argues the blood draw at issue should be suppressed because it was obtained without a search warrant, exigent circumstances, or his consent. The State asserts this Court lacks jurisdiction to review the defendant's certified question as the question is overbroad and does not meet the requirements of Rule 37(b)(2). In the alternative, the State argues the defendant voluntarily consented to the blood draw as he signed the implied consent waiver after Officer Stechman was satisfied the defendant understood the same. Our review indicates the defendant has failed to properly reserve the certified question under Rule 37(b)(2), and thus, this Court is without jurisdiction to review the question.

Pursuant to Rule 37(b)(2), a defendant may appeal from a plea of guilty based upon a certified question if "the defendant entered into a plea agreement under Rule 11 (c) but explicitly reserved - with the consent of the state and of the court - the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A). The defendant must also satisfy the following requirements:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv). In addition to the above requirements and relevant to the question presented in this appeal, our Supreme Court instructs:

- 3 -

> [W]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

*State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The defendant bears the burden of satisfying the requirements of Rule 37(b)(2). *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996).

Here, the certified question presented by the defendant fails to adhere to the strict requirements of Rule 37(b)(2) as it does not "identif[y] clearly the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii). As noted, the trial court denied the defendant's motion to suppress after finding the defendant voluntarily consented to the blood draw. Accordingly, in reserving a dispositive, certified question for appeal, the defendant should have asked this Court to review only whether the trial court erred in finding the defendant voluntarily consented. Instead, the defendant generally questions whether the trial court erred in denying the "motion to suppress the evidence seized in a warrantless search on May 13, 2018 in an order entered on April 30, 2019." This initial question is followed by five additional questions for this Court to review. Though the defendant does ask "whether consent was . . . given," the additional questions, which are listed above, are either not dispositive of the case or are not issues "passed upon by the trial judge." Tenn. R. Crim. P. 37(b)(2); *Preston*, 759 S.W.2d 647, 650. As a result, the question is overbroad. Furthermore, in support of our conclusion, a review of the defendant's brief reveals 1) the defendant does not directly address the trial court's ruling on consent, and 2) the defendant addresses numerous questions which the trial court did not rule on in its order denying the motion to suppress. Because the defendant failed to clearly identify the scope and limits of the legal issue presented in the purported certified question, the certified question fails to satisfy the strict requirements of Rule 37(b)(2)(A)(ii), and the appeal must be dismissed. *See State v. Casey Treat*, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804 (Tenn. Crim. App. Nov. 18, 2011), *no perm. app. filed*.

### *Conclusion*

Having concluded that the defendant failed to adhere to the requirements of Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, the appeal is dismissed.

_____
J. ROSS DYER, JUDGE